**United States District Court**
**District of Massachusetts**

_____
                                      )
Nicholas Perras,                      )
                                      )
        Plaintiff,                    )
                                      )
        v.                            )        Civil Action No.
                                      )        19-11321-NMG
Trane U.S., Inc. et al.,              )
                                      )
        Defendant.                    )
_____      )


## MEMORANDUM & ORDER

**GORTON, J.**

This case arises from an employment dispute between Nicholas Perras ("Perras" or plaintiff") and his former employer Trane U.S. Inc. ("Trane"). Perras alleges that Trane failed to pay him earned commissions in violation of the Massachusetts Wage Act, M.G.L. c. 149, §§ 148, 150. In addition to Trane, the complaint names as defendants Donald Simmons and Richard Daudelin, President and Treasurer of Trane, respectively (collectively "the individual defendants"). Pending before the Court is the motion of the individual defendants to dismiss for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2). For the following reasons, that motion will be allowed.

I.   **Background and Procedural History**

Trane is a Delaware corporation engaged in the business of
selling heavy equipment.  Its principal place of business is in
Davidson, North Carolina but it maintains offices globally and
employs over 25,000 people.  The individual defendants are both
domiciled in North Carolina.

From August, 2011, until February, 2019, Perras was
employed as an Account Manager selling heavy equipment at
Trane's Massachusetts office.  His employment contract provided
that he was to be paid on a commission basis, after the
equipment he sold was shipped and the client invoice generated.
Perras alleges that Trane failed to compensate him properly for
sales made as part of three projects and avers he is owed at
least $64,000 in unpaid commissions.

Perras filed this action in Suffolk Superior Court in May,
2019, against defendants Trane, Simmons and Daudelin.  He
alleges that, pursuant to the Wage Act, Simmons and Daudelin are
liable to him as President and Treasurer in their individual
capacities.  In June, 2019, the defendants removed the case to
this Court, invoking the Court's diversity jurisdiction. 28
U.S.C. § 1332.  In September, 2019, the individual defendants
filed the instant motion.

In November, 2019, Magistrate Judge Judith Dein granted the
plaintiff's motion for limited jurisdictional discovery and

allowed the plaintiff to serve the individual defendants with interrogatories related to personal jurisdiction.  The individual defendants provided their responses in December, 2019.

## II.  Motion to Dismiss for Lack of Personal Jurisdiction

### A. Legal Standard

On a motion to dismiss for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2), the plaintiff bears the burden of showing that the Court has authority to exercise jurisdiction over defendants. Cossart v. United Excel Corp., 804 F.3d 13, 18 (1st Cir. 2015).  Where, as here, the Court decides a motion to dismiss for lack of personal jurisdiction without first holding an evidentiary hearing, the Court applies the "prima facie" standard of review and takes the plaintiff's

> properly documented evidentiary proffers as true and
> construe[s] them in the light most favorable to
> [plaintiff's] jurisdictional claim.

A Corp. v. All Am. Plumbing, Inc., 812 F.3d 54, 58 (1st Cir. 2016).  A plaintiff cannot, however, rely on "unsupported allegations" and "must put forward evidence of specific facts to demonstrate jurisdiction exists." Id. (internal citations omitted).

### 1. **Personal Jurisdiction in Diversity Cases**

In a diversity suit, this Court acts as "the functional equivalent of a state court sitting in the forum state." See Astro-Med, Inc. v. Nihon Kohden America, Inc., 591 F.3d 1, 8 (1st Cir. 2009).  As such, to make a prima facie showing of personal jurisdiction in diversity cases, the plaintiff must demonstrate that the exercise of jurisdiction 1) is permitted by the Massachusetts long-arm statute, M.G.L. c. 223A § 3, and 2) comports with the Due Process Clause of the Fourteenth Amendment of the United States Constitution by showing that each defendant has "sufficient contacts" with Massachusetts. Sawtelle v. Farrell, 70 F.3d 1381, 1387 (1st Cir. 1995).

The Court's jurisdiction may be either "specific" or "general." United States v. Swiss Am. Bank, 274 F.3d 610, 618 (1st Cir. 2001).  Specific jurisdiction requires a "demonstrable nexus" between the claims of the plaintiff and the defendant's contacts in the forum state. Id.  Such contacts must demonstrate that the defendant "purposeful[ly] avail[ed] [itself] of the privilege of conducting activities in the forum state." Noonan v. Winston Co., 135 F.3d 85, 90 (1st Cir. 1998).  General jurisdiction, on the other hand, exists when the defendant has engaged in "continuous and systematic activity, unrelated to the suit, in the forum state." Swiss Am. Bank, 274 F. 3d at 618.

-4-

### 2. **Massachusetts Long-Arm Statute**

The Massachusetts long-arm statute provides, in relevant part, that a court may exercise personal jurisdiction

> over a person, who acts . . . as to a cause of action in law or equity arising from the person's (a) transacting any business in this commonwealth [or] (b) contracting to supply services or things in this commonwealth. . . .

M.G.L. c. 223A, § 3.

The requirements of the Massachusetts long-arm statute are substantially similar to (although potentially more restrictive than) those imposed by the Due Process Clause of the Fourteenth Amendment. See Copia Commc'ns, LLC v. AMResorts, L.P., 812 F.3d 1, 4 (1st Cir. 2016) (noting that "[r]ecently, however, we have suggested that Massachusetts's long-arm statute might impose more restrictive limits on the exercise of personal jurisdiction than does the Constitution"). See also Baskin-Robbins Franchising LLC v. Alpenrose Dairy, Inc., 825 F.3d 28, 34 (1st Cir. 2016).

### B. **Application to the Individual Defendants**

### 1. **Massachusetts Long-Arm Statute**

A court may exercise personal jurisdiction over a defendant under the Massachusetts long-arm statute when a claim arises from the defendant "transacting any business in [the] commonwealth." Mass. Gen. Laws c. 223A, § 3(a).  This requires

the plaintiff to show that 1) the defendant attempted to participate in the Commonwealth's economic life and 2) the transacted business was a "but for" cause of the alleged harm. Tatro v. Manor Care, Inc., 625 N.E.2d 549, 552-53 (Mass. 1994).

Plaintiff asserts that by virtue of their roles as high-ranking executives and because the Wage Act states that corporate officers may be individually liable for violations, the individual defendants satisfy the long-arm statute. Additionally, Perras points to the fact that Simmons has 1) visited Trane's Massachusetts office twice in the past 10 years (once before he was President and once after Perras was terminated), 2) conducts a quarterly conference call which the Vice President & General Manager, New England attends (along with over 150 other employees) and 3) was informed when Perras was terminated for cause demonstrates that jurisdiction over the corporate defendants coheres with the long-arm statute.

Although "the term transacting is construed broadly...[and] the volume of business transacted need not be substantial" Perras has not identified sufficient contacts of the individual Defendants with Massachusetts to satisfy the first requirement. King v. Prodea Sys., Inc., No. CV 19-10016-NMG, 2019 WL 7039747, at *3 (D. Mass. Dec. 20, 2019)(citations and internal quotations omitted).

Since 2011, Simmons has made two isolated visits to Trane's Massachusetts office; one in either 2011 or 2012 and one in July 2019, after Perras was terminated.  He also conducts a quarterly conference call with all Trane's District General Managers and Vice Presidents which the Vice President and General Manager, New England (who is located in Massachusetts) attends.  These contacts do not, without more, constitute "transacting" business. Id.  In addition, neither contact related in any way to the alleged Wage Act violation to satisfy the second requirement of the long-arm statute.

Moreover, that Simmons was informed by Human Resources about Perras' termination does not confer jurisdiction.  Perras was terminated after he allegedly engaged in serious misconduct. Simmons did not play a role in the termination but as an executive he was notified post-hoc of the misconduct allegations.

For his part, during the time of plaintiff's employment, Daudelin did not 1) visit the Massachusetts office, 2) have any specific contact with that office or 3) have any involvement with the hiring, termination or wage decisions in Massachusetts. Finally, the corporate defendants never had any personal interaction with the plaintiff.

Plaintiff's reliance on the defendants' status as officers of a corporation that transacts business in the Commonwealth is unavailing.  As this Court recently noted,

> an individual's status as a corporate officer is insufficient to establish the minimum contacts required to subject the individual to personal jurisdiction in a foreign forum.

King, 2019 WL 7039747, at *6; See also M-R Logistics, LLC v. Riverside Rail, LLC, 537 F. Supp. 2d 269, 279 (D. Mass. 2008) ("[I]t is axiomatic that jurisdiction over the individual officers of a corporation may not be based on jurisdiction over the corporation." (internal quotations omitted)).  Although individuals acting in their official capacity are not immune from suit in their individual capacity, "more than mere participation" in the affairs of the corporation is required. King, 2019 WL 7039747, at *6.

For purposes of exercising personal jurisdiction over a corporate officer, the inquiry is whether the individual was a "primary participant" in the alleged wrongdoing. Calder v. Jones, 465 U.S. 783, 790 (1984). This analysis requires consideration of whether the individual "derived personal benefit" or acted beyond the scope of his or her employment with respect to contacts with the forum state.  M-R Logistics, LLC, 537 F. Supp. 2d at 280.

Plaintiff fails to allege any facts to show that either Simmons or Daudelin participated at all in the alleged failure to pay Perras' commissions.  Neither Simmons nor Daudelin was involved in negotiating or completing any of the three sales projects that make up the substance of the plaintiff's complaint nor were they involved in his termination.  Nor has Plaintiff demonstrated that either of the corporate defendants acted beyond of the scope of his duties or derived any personal benefit from the alleged wrongdoing.

Accordingly, this Court lacks personal jurisdiction over the individual defendants.

## ORDER

For the foregoing reasons, the motion of the individual defendants to dismiss (Docket No. 12) is **ALLOWED.**

**So ordered.**

/s/ Nathaniel M. Gorton_____
Nathaniel M. Gorton
United States District Judge

Dated:  May 20, 2020